IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


MELANIE KONOPKA,              :

       :

      Plaintiff,            :

       :      CIVIL ACTION NO. 3:CV-05-0617

      v.               :

       :      (JUDGE CAPUTO)

CNF, INC. and MENLO WORLD   :

WIDE FORWARDING,         :

       :

      Defendants.       :


## MEMORANDUM

Before me is Defendant CNF, Inc.'s Motion to Set Aside Entry of Default Pursuant to Rule 55(c) of the Federal Rules of Civil Procedure. (Doc 35.)

Plaintiff, Melanie Konopka, was employed by Defendant, Menlo World Wide Forwarding (Menlo), and brought an action against Menlo and CNF Inc. (CNF) alleging violations of the Equal Pay Act, 29 U.S.C. § 206(d)(1).  Menlo was a wholly-owned subsidiary of CNF.  CNF was served with the Summons and Complaint on April 26, 2006 (Doc. 4) but did not appear in the case until August 2006, after the entry of Default on March 23, 2006 (Doc. 27).

The case proceeded against Menlo to resolution before the entry of default against CNF.  CNF seeks to set aside the default and offers two affidavits to support its motion. The affidavit of in-house counsel, Nancy A. Heafey, Esquire, acknowledges service by Plaintiff.  She also states that she tried to convince the process server that Plaintiff was not an employee of CNF.  She further states that Menlo was purchased by UPS Supply Chain Solutions (UPS), and that she "reasonably believed that UPS was responsible for

providing CNF with a defense to this [case]," (Doc. 35, Ex. A), whereupon she forwarded the Complaint to UPS.  Thereafter she states that UPS never contacted her, and she does not say that she contacted UPS.[1]

There is no evidence that after Ms. Heafey forwarded the complaint to UPS shortly after she received it, that she ever sought to confirm that UPS had undertaken CNF's defense.  There is no evidence that she ever checked the docket in an effort to determine the status of CNF's defense.  She says that it was not until she received the Motion for Default Judgment in July 2006 that she called Plaintiff's attorney, not UPS, and learned that Plaintiff had settled her "claims against UPS" in April.

The other component to this case, and the most significant, is whether this Court has jurisdiction over CNF.  In this connection, both Ms. Heafey and Mark C. Thickpenny provide sworn statements to the effect that Menlo, while a wholly- owned subsidiary of CNF, maintained no office in Pennsylvania, has no employees, accounts or contracts in Pennsylvania, does not have a registered agent in Pennsylvania, is not licensed to do business in Pennsylvania, and does not own real estate in Pennsylvania.  They also state that CNF did not direct the activities of Menlo, did not exercise day-to-day control over Menlo, did not make decisions relating to Menlo's personnel, funding, accounting, admin- istration and operations.  Mr. Thickpenny further states Menlo had its own human re- sources department, its own personnel policies and manuals that governed its employ- ees; that it kept separate books, separate finances, a separate accounting office in Pennsylvania and a separate board of directors which held meetings, passed resolutions

---

[1] UPS defended Menlo in the instant case.

2

and had its own by-laws.

There is no evidence to the contrary presented by Plaintiff.  Plaintiff's Complaint contains allegations that the operations of Menlo and CNF were intertwined and intercon-nected in such a way as there was no legal and factual distinction between them.  Para-graph 9 alleges that CNF controlled the operations, finances, management, and person-nel decisions of Menlo.

It is incumbent upon Plaintiff to establish jurisdiction.  *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002) ("the plaintiff bears the burden of demonstrating the facts that establish personal jurisdiction").  Plaintiff relies solely on the allegations in her pleadings to establish personal jurisdiction.  The Defendant makes a strong case for a lack of jurisdiction in the two affidavits noted above.  Those affidavits portray no sys-tematic and continuous contacts with Pennsylvania and no minimum contacts with Penn-sylvania which would satisfy the tests for general or specific jurisdiction. *See Giusto v. Ashland Chemical Company*, 994 F.Supp 587, 590-591 (E.D. Pa. 1998).

The general statements in the complaint as to Defendant's contacts are specifi-cally refuted by the affidavits submitted by the Defendant, and while, at best this presents a dispute as to the facts, I am satisfied that it does not suffice to meet the Plaintiff's burden to establish jurisdiction.  Rendering judgment, much less by default, without jurisdiction offends our notions of due process.  Indeed, a judgment rendered without jurisdiction would be subject to collateral attack.  *Mwani v. bin Laden*, 417 F.3d 1, 7 (D.C. Cir. 2005) (under Rule 55(c) of the Federal Rules of Civil Procedure, a defendant can successfully challenge a default judgment in the rendering court on the ground of lack of

personal jurisdiction).

I hold that Plaintiff has not established jurisdiction over CNF, and therefore the default, unsupported by jurisdiction, must be set aside.  *See Lichtenstein v. Jewelart, Inc.*, 95 F.R.D. 511, 513 (E.D. NY 1982) (and cases cited therein).

An appropriate Order follows.


Date: November 14, 2006                    /s/ A. Richard Caputo
                                           A. Richard Caputo
                                           United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


MELANIE KONOPKA,                    :
                  :
        Plaintiff,                  :
                                    :      CIVIL ACTION NO. 3:CV-05-0617
        v.                          :
                                    :      (JUDGE CAPUTO)
CNF, INC. and MENLO WORLD           :
WIDE FORWARDING,                    :
                                    :
        Defendants.                 :

## ORDER

**NOW**, this 14th day of November, 2006, **IT IS HEREBY ORDERED** that:

1.    Defendant, CNF Inc.'s Motion to Set Aside Entry of Default Pursuant to Rule 55(c) of the Federal Rules of Civil Procedure (Doc. 35) is **GRANTED**.

2.    Default entered on March 23, 2006 (Doc. 27) is **VACATED**.

3.    The Clerk of Court is directed to detach Document 35-2, Motion of Defendant CNF, Inc. to Dismiss Plaintiff's Complaint, and file it of record in this case forthwith.

4.    Defendant, CNF shall file a brief in support of its Motion to Dismiss within ten (10) days of the date of this Order. Thereafter, Plaintiff shall respond with her brief in opposition and Defendant with its reply brief in accordance with Local Rules of Court.


                              /s/ A. Richard Caputo
                              A. Richard Caputo
                              United States District Judge